# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DAVID JOHNSON**                                                                 **PLAINTIFF**

V.                              No. 4:22-CV-00650-LPR-ERE

**SOCIAL SECURITY ADMINISTRATION**                           **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**I.     Background**

On July 1, 2020, Mr. David Johnson protectively filed an application for benefits due to sarcoidosis and chronic obstructive pulmonary disease ("COPD"). *Tr. 12, 242.*

Mr. Johnson's claims were denied initially and upon reconsideration. At Mr. Johnson's request, an Administrative Law Judge ("ALJ") held a telephonic hearing on June 3, 2021, where Mr. Johnson appeared with his lawyer, and the ALJ heard

1

testimony from Mr. Johnson and a vocational expert ("VE"). *Tr. 28-45*. The ALJ issued a decision on July 15, 2021, finding that Mr. Johnson was not disabled. *Tr. 9-27*. The Appeals Council denied Mr. Johnson's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6*.

Mr. Johnson, who was almost forty-two years old at the time of the hearing, has two years of college education and past relevant work experience as a tractor trailer truck driver, landfill operator, and drill operator. *Tr. 35-36, 51-52*.

## II.  The ALJ's Decision[1]

The ALJ found that Mr. Johnson had not engaged in substantial gainful activity since April 16, 2019, the alleged onset date. *Tr. 15*. He concluded that Mr. Johnson had the following severe impairments: COPD, sarcoidosis, lymphadenopathy, sleep apnea, tachycardia, and gout. *Id.* However, the ALJ found that Mr. Johnson did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 16*.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g); 20 C.F.R. § 416.920(a)-(g).

According to the ALJ, Mr. Johnson had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) only occasional climbing of ramps and stairs; (2) no climbing ladders, ropes, or scaffolds; (3) occasional balancing, stooping, kneeling, crouching, and crawling; and (4) only occasional exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, and extreme cold and heat. *Tr. 17.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Mr. Johnson could perform, including addresser and document preparer. *Tr. 21, 53.* Accordingly, the ALJ determined that Mr. Johnson was not disabled.

### III. Discussion

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must

consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

B.  **Mr. Johnson's Arguments for Reversal**

Mr. Johnson contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ erred in: (1) discounting his subjective complaints; and (2) analyzing the medical opinions. *Doc. 9 at 10, 18, 20*. Additionally, Mr. Johnson asserts a wide range of general complaints about the Social Security rules and process. *Id. at 21-58*.

C.  **Analysis**

  1.  **Subjective Complaints**

After removing the hyperbole,[2] Plaintiff's argument is that the ALJ erred in discounting the credibility of his subjective complaints. *Doc. 9 at 10, 12-13*.

Normally, the Court should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not

---

[2] For example, Mr. Johnson's brief argues: "the ALJ (or decision writer) applied his lay expertise to interpret medical evidence, believing that he is more qualified to do so than" the treating physicians; this ALJ "often approves less than 20 percent of the cases he handles"; and "[t]his mischaracterization is so egregious that it rises to the level of blatant dishonesty." *Doc. 9 at 10, 12-13*.

4

reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also relevant is the absence of objective medical evidence supporting a claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility based on this alone. *Id.* at 932. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

Here, the ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Mr. Johnson's complaints and the record. For example, the ALJ noted Mr. Johnson's sarcoidosis and his complaints of fatigue, shortness of breath, intermittent wheezing, and difficultly sleeping. *Tr. 18*. However, the ALJ compared these claims with the objective medical evidence, which revealed: "aside from expiratory wheezes on a few exams, the claimant's lungs were constantly clear to auscultation bilaterally, had normal breath sounds, no wheezes, and appeared to be in no acute distress." *Id.*

5

Also weighing against Mr. Johnson's credibility is his failure to follow his doctors' treatment recommendations. See *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow a recommended course of treatment weighs against a claimant's credibility). The ALJ noted that Mr. Johnson had "poor compliance with his CPAP until recently" and continues to smoke despite being told to stop. *Tr. 18-19*. These findings are supported by the medical record. *Tr. 825, 839, 842, 849*. Furthermore, smoking has a direct correlation to Mr. Johnson's alleged impairments. Mr. Johnson criticizes the ALJ's observations and argues that it is hard to quit smoking. *Doc. 9 at 16*. However, that does not mean the ALJ erred in recognizing that Mr. Johnson has been told to quit smoking and that his continued smoking negatively impacts his health.

Mr. Johnson points out that there is evidence of compliance with his CPAP use, in addition to the noncompliance noted by the ALJ. *Id. at 14*. True. And the ALJ recognized that Mr. Johnson is now compliant by noting that he "did have poor compliance with his CPAP *until recently*." *Tr. 18 (emphasis added)*. Still, a few instances of compliance are insufficient to warrant reversal. As mentioned earlier, the Court will not reverse the Commissioner "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### 2. Medical Opinions

Mr. Johnson's legal argument appears to be that the ALJ did not give Mr. Johnson's treating physician's opinion the weight Mr. Johnson believes it deserves.[3] However, the ALJ did what was required. Supportability and consistency are the "[m]ost important factors" when considering medical opinions. 20 C.F.R. § 404.1520c(b)(2), (c). "Good reasons for assigning lesser weight to the opinion of a treating source exist where the treating physician's opinions are themselves inconsistent or where other medical assessments are supported by better or more thorough medical evidence." *Chesser v. Berryhill,* 858 F.3d 1161, 1164 (8th Cir. 2017) (citations and quotations omitted).

The ALJ recognized that Dr. Donald Steely found "significant respiratory compromise due to [Mr. Johnson's sarcoidosis]" but considered the comment vague and inconsistent with other medical evidence. *Tr. 19, 506.* For example, Dr. Steely noted that the "echocardiogram did not show any complications from [Mr. Johnson's] sarcoidosis." *Tr. 512.* Additionally, other treating physicians noted a lack of wheezing, shortness of breath, or other complications. *Tr. 615-617, 621, 825, 843.* Accordingly, the ALJ appropriately weighed Dr. Steely's opinions against the record as a whole.

---

[3] The hyperbole in Mr. Johnson's brief continues: The ALJ's finding "is a blatant, dishonest, deliberate and reprehensible mischaracterization of the evidence from an ALJ who has a blatant and obvious bias, as shown by statistics, against disability claimants." *Doc. 9 at 18.*

7

### 3. General Arguments

Thirty-seven pages of Plaintiff's brief are devoted to general disagreement with Social Security regulations addressing the weight afforded to treating physicians' opinions, the Social Security process, alleged bias against claimants, the appropriate standard of proof, and alleged Constitutional violations in the overall process. These arguments have been previously rejected. See *Hayden v. Social Security Administration*, No. 4:22-cv-00376-JM (E.D. Ark.), *Docs. 11, 17, 19*; *Clark v. Kijakazi*, No. 4:22-cv-00106-LPR (E.D. Ark.), *Docs. 12, 21*; *Curbo v. Social Security Administration*, No. 3:21-cv-00208-KGB (E.D. Ark.), *Docs. 9, 11, 13*; *McFalls v. Social Security Administration*, No. 4:21-cv-01210-LPR (E.D. Ark.), *Docs. 10, 12, 14*; *Smith v. Social Security Administration*, No. 3:22-cv-00004-DPM (E.D. Ark.), *Docs. 8, 11, 13*.

Importantly, *nothing* in these pages is specific to Mr. Johnson. Accordingly, each argument is meritless and fails for lack of standing because Mr. Johnson "does not allege any facts explaining how those issues caused the adverse ALJ decision in [his] case, or how a favorable decision in [his] claim for benefits would redress these alleged constitutional deficiencies." *Jordan v. Kijakazi*, No. 22-2843, 2023 WL 2733485 (8th Cir. March 31, 2023).

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Mr. Johnson's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 11 May 2023.

_____
UNITED STATES MAGISTRATE JUDGE