IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DAVID R. JOHNSON                                                                                PLAINTIFF

V.                                         No. 4:22-CV-00650-LPR

KILOLO KIJAKAZI, Acting
Commissioner, Social Security
Administration                                                                                  DEFENDANT

### ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Edie R. Ervin and the filed Objections.[1]  After carefully considering the Objections and performing a *de novo* review of the RD and the record, the Court concludes that the RD should be, and hereby is, approved and adopted in its entirety as this Court's findings to the extent they are consistent with the brief additional analysis that follows.[2]

Mr. Johnson argues that the ALJ who decided his case is generally biased against social security claimants.  For support, he cites statistical evidence showing that the ALJ typically approves disability claims at lower-than-average rates.  Mr. Johnson does not, however, point to any evidence showing that the ALJ's alleged bias impacted the decision in this case.  ALJs are presumed to be unbiased.[3]  To rebut this presumption, a claimant must produce sufficient evidence to demonstrate a "conflict of interest or some other specific reason for disqualification."[4]  Statistical evidence of an ALJ's low claim approval rate, standing alone, is insufficient to meet

---

[1] Docs. 17 and 18.

[2] There is one exception.  With respect to the last paragraph on page 8 of the RD, the Court is not entirely sure Mr. Johnson "lacks standing" on every one of the claims being addressed.  But the Court does agree each of those claims is meritless.

[3] *Perkins v. Astrue*, 648 F.3d 892, 902 (8th Cir. 2011).

[4] *Schweiker v. McClure*, 456 U.S. 188, 195 (1982).

that burden.[5]  Because Mr. Johnson failed to rebut the presumption, the Commissioner was not required to produce evidence contradicting his claim of bias.

Furthermore, the proffered statistical evidence does not prove that the ALJ applied an improper standard of proof in evaluating Mr. Johnson's claim.  And Mr. Johnson does not point to anything specific in the ALJ's decision that actually supports this contention.  In the absence of evidence to the contrary, the Court presumes the ALJ complied with the regulations and applied the proper standards in evaluating Mr. Johnson's claim.[6]

IT IS THEREFORE ORDERED THAT the Commissioner's decision is AFFIRMED, and judgment will be entered for the Commissioner in this case.

DATED this 31st day of July 2023.

                                                                                              _____
                                                                                              LEE P. RUDOFSKY
                                                                                              UNITED STATES DISTRICT JUDGE

---

[5] *Perkins*, 648 F.3d at 902–03 (citing, *inter alia*, *Johnson v. Comm'r of Soc. Sec.*, No. 08–4901, 2009 WL 4666933, at *4 (D.N.J. Dec. 3, 2009) (noting that an ALJ's impartiality should not be judged by statistics of how that judge has previously ruled) and *Smith v. Astrue*, No. H–07–2229, 2008 WL 4200694, at *5–6 (S.D. Tex. Sept. 9, 2008) (finding that an ALJ's approval rate of only 7.19 percent was troubling, but insufficient, in and of itself, to show bias)).

[6] *See Wilburn v. Astrue*, 626 F.3d 999, 1003–04 (8th Cir. 2010) (explaining that, in the absence of clear evidence to the contrary, courts will presume public officers have properly discharged their official duties).